**RECONSTRUCTION FINANCE CORPORATION v. CENTRAL REPUBLIC TRUST CO. et al.**

No. 14189.

District Court, N. D. Illinois, E. D.

Dec. 7, 1939.

Lee Walker, M. O. Hoel, and John M. Crimmins, all of Chicago, Ill., for plaintiff.

Miller, Gorham, Wescott & Adams, of Chicago, Ill., for Benson doing business as Zeiler & Co.

WILKERSON, District Judge.

Plaintiff, which has not yet recovered a judgment against the above named respondents, asks for an injunction to restrain them from transferring or distributing to themselves the partnership assets until their indebtedness to the plaintiff has been paid. An amendment filed in 1938 to the bill of complaint herein alleges that the partners were the actual and beneficial owners of shares which stood in the name of Leo G. Haas. The respondents' answer denies that they are or were such actual or beneficial owners. They contest the right to an injunction on the ground that the plaintiff's claim against them has not been reduced to judgment.

Before the new Rules of Civil Procedure became effective, it was the rule that before a court of equity would appoint a receiver or grant an injunction against disposing of property, the plaintiff had to have either a lien against the property or a judgment upon which execution had been returned unsatisfied. A modification of this rule existed in the case of equity receiverships where the defendant corporation admitted the allegations of the bill and consented to the appointment of a receiver. Attachment would sometimes lie in accordance with state statutes; thus, under the Illinois statute, Ill.Rev.Stat.1939, c. 11, § 1, nine grounds are set forth for an attachment, which may be broadly classified as the debtor's absence or contemplated departure from the state and fraudulent transfer or concealment of his property. Plaintiff's brief concedes that the facts herein do not authorize an attachment under the Illinois law. Plaintiff, however, contends that under Rule 18(b) of the Rules of Civil Procedure, 28 U.S.C.A. following section

723c, the remedy by injunction is available at the same time that the judgment on the debt is being obtained. That section provides as follows: "Whenever a claim is one heretofore cognizable only after another claim has been prosecuted to a conclusion, the two claims may be joined in a single action; but the court shall grant relief in that action only in accordance with the relative substantive rights of the parties. In particular, a plaintiff may state a claim for money and a claim to have set aside a conveyance fraudulent as to him, without first having obtained a judgment establishing the claim for money."

Plaintiff argues that partnership assets must be preserved for the satisfaction of partnership debts before those assets are distributed among the partners and made available for their individual debts, and that such distribution before partnership debts have been disposed of is a fraud in law. To this the respondents reply that the plaintiff's petition does not allege that any of the respondents has any creditors nor that any of the respondents is insolvent or likely to become insolvent.

If the old rule is still in effect, then the provision of the Rules of Civil Procedure above quoted has little or no practical effect. It seems to me that the purpose of the rule is to give the court the power to grant relief in a proper case even though a judgment for the debt has not yet been obtained. In awarding such relief, however, the court should be guided largely by the considerations which were the basis for the old rule. The court should have the power in a proper case to make the proceedings which may result in a judgment be something more than a mere empty form.

Respondents' brief states that the cause has been at issue on the amendment and the respondents' answer since August 1, 1938, and that the plaintiff did not until recently file its petition for injunction. Plaintiff calls attention to this statement as containing a suggestion that the delay was caused by the fault of plaintiff and that the granting of the injunction would result in further unjustifiable delay prejudicial to the respondents' right to a speedy determination of the case on its merits. Plaintiff's brief states that injunctive relief was asked in the original bill; that the delay in pressing the application for an injunction and in presenting the case on the merits has been caused by extended negotiations between the parties; and that the application for injunction was presented as soon as those negotiations had terminated. While the status quo has been preserved as to the trial of the issues, plaintiff's statement indicates that the status quo of the partnership is about to be changed by winding up the partnership.

Plaintiff will be given an opportunity to present in more formal manner for the record the facts pertaining to the delay. It seems to me that an early trial can be had to determine whether respondents were the actual or beneficial owners of the stock in question so that, practically speaking, neither party will be prejudiced by the delay occasioned by other endeavors to settle the litigation. Pending further proceedings, an order will be entered maintaining the status quo. The cause will be referred to Master In Chancery Grossman for prompt hearing on the merits. Orders in accordance herewith may be submitted for entry on proper notice.